1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REYES LEGRANDE, JR,

           Petitioner,

  v.

JAMES A. YATES,

           Respondent.

                          /

No. C 07-01793 WHA

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS, STAYING CASE, AND VACATING HEARING**

**INTRODUCTION**

    In this habeas corpus action, respondent moves to dismiss the petition, alleging that petitioner has failed to exhaust his state remedies.  This order finds that petitioner has failed to exhaust one of his claims in state court.  However, this order will STAY these proceedings so that petitioner may exhaust the claim.  Respondent's motion to dismiss is DENIED.

**STATEMENT**

    Following a jury trial in April and May 2004, petitioner Reyes LeGrande, Jr. was convicted of assault with semiautomatic firearm; assault with a firearm; possession of a firearm by a felon; transportation and furnishing of methamphetamine; possession of methamphetamine for sale; possession of a false compartment with intent to store a controlled substance; possession of a controlled substance while armed with a loaded, operable firearm; carrying a concealed firearm in a vehicle; carrying a concealed firearm; carrying a loaded firearm; carrying a loaded

1   firearm with a prior felony conviction; and personal possession of a loaded, operable firearm

2   while under the influence of methamphetamine (Exh. A-3 530–44).

3        The trial court sentenced petitioner as follows. Petitioner received an aggregate state

4   prison sentence of 16 years and eight months. For assault with semiautomatic firearm, petitioner

5   received a middle term of six years, plus a four-year personal use enhancement. For assault with

6   a firearm, petitioner received a middle term of three years, plus an additional four-year personal

7   use enhancement. For possession of a firearm by a felon, a middle term of two years. For

8   transportation and furnishing of methamphetamine, a middle term of three years. For possession

9   of methamphetamine for sale, a middle term of two years. For possession of a false

10  compartment with intent to store a controlled substance, a concurrent middle term of two years.

11  For possession of a controlled substance while armed with a loaded, operable firearm, a

12  concurrent middle term of three years. For carrying a concealed firearm in a vehicle, a

13  concurrent middle term of two years. For carrying a concealed firearm a middle term of two

14  years. For carrying a loaded firearm, a middle term of two years. For carrying a loaded firearm

15  with a prior felony conviction, a middle term of two years. For personal possession of a loaded,

16  operable firearm while under the influence of methamphetamine, a concurrent middle term of

17  two years. Pursuant to California Penal Code Section 654, the court stayed certain sentences and

18  enhancements, ordered other sentences to be served consecutively, and stayed all but eight

19  months and one year respectively. Additionally, the court imposed a two-year on-bail

20  enhancement and a three-year enhancement for a prior drug conviction (Exh. A-3 at 649–53).

21       Petitioner appealed his conviction and sentence. Before the California Court of Appeal

22  and California Supreme Court, petitioner advanced the following arguments: (1) improper

23  joinder of offenses; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4)

24  insufficiency of evidence; and (5) improper denial of motion to suppress. The California Court

25  of Appeal affirmed petitioner's conviction on June 27, 2006. The California Supreme Court

26  denied review on October 18, 2006. Petitioner did not seek collateral review in the state courts.

27

28

**United States District Court**
For the Northern District of California

2

1        On March 29, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28

2    U.S.C. 2254.  In the federal petition, petitioner dropped the claim based on an allegedly improper

3    denial of a motion to suppress.  The petition also included a previously unraised allegation that

4    the trial court violated petitioner's Sixth Amendment rights, pursuant to the United States

5    Supreme Court's recent decision in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007).

6                                          **ANALYSIS**

7        Before a federal court may review a petition for writ of habeas corpus filed by a state

8    prisoner, state remedies must first be exhausted.  Claims can be exhausted either on direct appeal

9    or through collateral proceedings, by presenting the highest state court available with a fair

10   opportunity to rule on the merits of each and every claim raised in federal court.  *See* 28 U.S.C.

11   2254(b), (c).  This total-exhaustion requirement protects principles of comity between federal

12   and state courts.  *See Rose v. Lundy*, 455 U.S. 509, 515–19 (1982).  As such, if available state

13   remedies have not been exhausted as to all claims, the district court must dismiss the petition.

14   *Id*. at 522.

15       Respondent here alleges that petitioner has not exhausted his state remedies as to the

16   claim based on *Cunningham v. California*, 12 S. Ct. 856 (2007).  This order agrees.  When

17   petitioner petitioned for review in the California Supreme Court, he did not raise the

18   *Cunningham* claim.  His petition for review was filed on August 3, 2006, and the California

19   Supreme Court denied it on October 18, 2006.  *Cunningham* was not decided by the United

20   States Supreme Court until January 22, 2007.  It is plain that the state courts have not had an

21   opportunity to pass on petitioner's contention that the procedures utilized at his sentencing

22   deprived him of the federal constitutional right to a jury trial under *Cunningham*.  The Ninth

23   Circuit's holding in *Blair v. California*, 340 F.2d 741, 745 (9th Cir. 1965), is on point:

24                  [A] state prisoner who believes that some decision of the United
                    States Supreme Court subsequent to the state court decision in his
25                  case requires that his conviction or sentence be set aside should
                    first pursue any state remedy which may be available to present
26                  that contention before applying for a federal writ of habeas corpus.
                    If no state remedy is available or if, pursuing it, the state prisoner
27                  fails to obtain the relief desired, exhaustion of state remedies

28

                                                    3

United States District Court

For the Northern District of California

1 | would be established and 28 U.S.C. § 2254 would not stand in the
2 | way of federal habeas corpus.

When presented with a habeas petition with both unexhausted and exhausted claims, a district court may stay proceedings to allow the petitioner to return to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). To obtain a stay, petitioner must demonstrate: (1) he has good cause for his failure to exhaust, (2) his unexhausted claim is "potentially meritorious," and (3) there is no indication that he engaged in intentionally dilatory litigation tactics. *Ibid*. This order finds that all three *Rhines* factors exist and that this litigation should be stayed to allow petitioner to exhaust his *Cunningham* claim in state court.

*First*, petitioner has good cause for his failure to exhaust. *Cunningham* had not been decided at the time petitioner filed his appeal and petition for review. Thus, petitioner's arguments under *Cunningham* were not available to him at that time. This being the first opportunity he has had to raise a claim under *Cunningham*, good cause exists for his failure to exhaust.

*Second*, petitioner's *Cunningham* claim is potentially meritorious. In *Cunningham,* the United States Supreme Court held that California's determinate sentencing law violates the Sixth Amendment because it assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated "upper term" sentence. *Cunningham,* 127 S. Ct. at 860. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Court declared that California's sentencing law violated the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 488-490 (2000). *See Cunningham,* 127 S. Ct. at 871.

Without passing on the merits of petitioner's claim, this order finds that there may be *potential* merit to the *Cunningham* claim. It is true that in *People v. Black*, 161 P.3d 1130 (Cal. 2007), the California Supreme Court held that the application of *Cunningham* is limited to "any fact that exposes a defendant to a *greater* potential sentence than is authorized by the jury's

4

United States District Court

For the Northern District of California

1    verdict alone." *Id.* at 578.  Here, however, petitioner received a series of *middle term* sentences.

2    Petitioner argues, however, that *Cunningham* is applicable to mitigation and consecutive

3    sentencing.  Pursuant to *Cunningham*, it is possible that the California state court may find that

4    petitioner must now be given the opportunity to have a jury determine whether there are

5    sufficient mitigating or aggravating facts to justify a lower sentence or concurrent (rather than

6    consecutive) sentence.

7        *Third*, respondent does not contend that petitioner engaged in intentionally dilatory

8    litigation tactics.  The California Supreme Court denied review of petitioner's appeal on October

9    18, 2006.  The instant petition was filed on March 29, 2007.  There is no indication that

10   petitioner engaged in dilatory tactics.

11                  *               *               *

12       Although petitioner's *Cunningham* claim was not exhausted, this order finds that a stay

13   of this case is warranted.  Petitioner will be allowed to pursue a claim based on the new Supreme

14   Court precedent before the California state courts.  Once he has exhausted that claim, he may

15   return to federal court and these proceedings will recommence.

16                          **CONCLUSION**

17       For the foregoing reasons, this case is **STAYED** so petitioner may return to state court to

18   exhaust the claim at issue.  If the California Supreme Court denies the petition, petitioner, within

19   thirty days, shall seek leave to lift the stay and amend his petition to add the additionally

20   exhausted federal claim.  Please promptly notify the Court if the state court grants the petition.

21   The hearing previously set for **THURSDAY, AUGUST 30, 2007**, at **2:00 P.M.** is hereby **VACATED**.

22       A joint status report shall be filed on **THE FIRST BUSINESS DAY OF EACH QUARTER**.  If

23   plaintiff is not diligent in seeking state court review, then this case may be dismissed.

24       **IT IS SO ORDERED.**

25   Dated: August 27, 2007.

26                                   WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE

27

28

                                    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

6