IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES LEGRANDE, JR, | No. C 07-01793 WHA |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JAMES A. YATES, | |
| Respondent. | |

Petitioner Reyes Legrande is currently incarcerated in Pleasant Valley State Prison, located in this district. In this petition for writ of habeas corpus, Legrande has stated valid claims under 28 U.S.C. 2254. The respondent is **ORDERED TO ANSWER** the petition.

**STATEMENT**

A jury convicted Legrande of drug, firearm and assault charges. He was sentenced to sixteen years and eight months in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Legrande has also filed state habeas petitions.

Legrande initially filed this petition *pro se* in March 2007 and secured legal representation shortly thereafter. An order to show cause issued, and respondent moved to dismiss the petition. An August 2007 order denied the motion to dismiss. It found, however, that the petition contained an unexhausted claim — a claim based on *Cunningham v. California*, 549 U.S. 270 (2007) — and was therefore in violation of the total-exhaustion requirement. The

order therefore stayed the petition to allow Legrande to return to state court to exhaust the *Cunningham* claim.

Thereafter, Legrande filed a habeas petition with the California Supreme Court to exhaust the *Cunningham* claim, and the state petition was denied. The stay herein was subsequently lifted and Legrande was invited to file an amended petition. He has now amended his petition to assert the previously unexhausted *Cunningham* claim, among others.

**ANALYSIS**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his amended petition, Legrande asserts five claims. *First*, he asserts prejudicial joinder of charges. He argues that the complaint should not have joined three separate incidents that occurred on three different days. *Second*, he asserts a claim for ineffective-assistance of trial counsel based on alleged failure to introduce certain evidence and failure to object to allegedly improper questions by the prosecution. *Third*, he asserts prosecutorial misconduct, arguing that the prosecutor asked questions for which he had no basis in fact. *Fourth*, he challenges the sufficiency of the evidence. *Fifth*, he asserts a claim based on *Cunningham v. California*, 549 U.S. 270 (2007), which struck down California's determinate sentencing law — a law that had authorized the judge, rather than the jury, to find facts exposing defendant to an elevated upper term sentence.

**CONCLUSION**

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY SEPTEMBER 8, 2009, AN ANSWER** conforming to Rule 5 of the Rules

**United States District Court**
For the Northern District of California

governing Section 2254 Cases in the United States District Courts.  Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b).  The record must be indexed.  If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated:  July 7, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3